# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

HERCULES CAPITAL, INC. d/b/a
HERCULES CAPITAL (MARYLAND),

      Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

      Defendant.

.

Civil Action: 1:25-cv-01188-SEG

**JURY TRIAL DEMANDED**

## DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12 and 13, Defendant Home Depot U.S.A., Inc.[1] by way of Answer and Counterclaims to the Amended Complaint of Plaintiff Hercules Capital, Inc. d/b/a Hercules Capital (Maryland), responds as follows:

## INTRODUCTION

**1. This is an action for breach of contract, account stated, quantum meruit and unjust enrichment following Defendant's failure and refusal to pay for services that were duly performed by Convoy, Inc. ("Convoy") pursuant to an agreement between Convoy and Defendant.**

RESPONSE: Home Depot admits that Plaintiff has alleged claims for breach of contract, account stated, quantum meruit, and unjust enrichment. Home Depot denies any remaining allegations of Paragraph 1.

**2. Upon acquiring Convoy's accounts receivables and related proceeds via Article 9 sale pursuant to the Uniform Commercial Code, Plaintiff demanded sums due and owing from Defendant for services performed by Convoy to no avail, necessitating this action.**

---

[1] With Plaintiff's consent, the U.S. District Court for the Southern District of New York dismissed The Home Depot, Inc. as a defendant before transferring the action to this Court. ECF No. 16. Unless otherwise noted, all references to "Home Depot" refer to the remaining defendant Home Depot U.S.A., Inc.

RESPONSE:  Home Depot lacks sufficient information or knowledge to form a belief of the truth about any allegations regarding Plaintiff's acquisition of Convoy's accounts receivable and related proceeds via Article 9 sale pursuant to the Uniform Commercial Code and, on that basis, denies any such allegations. Home Depot admits that Plaintiff made one or more demands for payment that Plaintiff alleges Home Depot owes Convoy for services rendered but denies any remaining allegations of Paragraph 2.

## THE PARTIES

**3. Plaintiff is a foreign business corporation organized and existing under the laws of the State of Maryland and authorized to do business in the State of New York, having a principal place of business located at 400 Hamilton Avenue, Suite 310, Palo Alto, California 94301.**

RESPONSE: Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on that basis denies the allegations of Paragraph 3.

**4. Upon information and belief, The Home Depot, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2455 Paces Ferry Rd., Atlanta, Georgia 30339.**

RESPONSE: Admitted.

**5. Upon information and belief, Home Depot U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2455 Paces Ferry Rd., Atlanta, Georgia 30339.**

RESPONSE: Admitted.

## JURISDICTION AND VENUE

**6. This Court has personal jurisdiction over the Defendant pursuant to CPLR §§ 301 and 302 because Defendant maintains offices in New York, transacts business in New York, contracts to supply goods and services in New York, and/or owns, uses or possesses real property situated in New York.**

RESPONSE:  The allegations in this Paragraph call for a legal conclusion and no response is required. To the extent a response is required, Home Depot denies that New York was the proper

venue for this litigation because the governing contract between Home Depot and Convoy that Plaintiff invokes states that any "action shall be brought in either the U.S. District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia."

**7. Venue is proper in New York County because Plaintiff designates venue in New York County pursuant to CPLR § 509.**

RESPONSE:  Denied.

<u>**FACTUAL BACKGROUND**</u>

**8. Plaintiff is engaged in the business of providing venture debt, senior secured loans, and growth capital to companies generally in the early-stage life sciences and technology businesses.**

RESPONSE:  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 8.

**9. Upon information and belief, Defendant is engaged in the business of selling home improvement supplies and related items to both consumers and professionals via brick-and-mortar stores and through its website.**

RESPONSE:  Admitted.

**10. Pursuant to a Loan and Security Agreement, dated March 30, 2022 (the "LSA"), Plaintiff, as a lender and as agent for itself and other lender(s), made a loan to Convoy in the aggregate principal amount of $100,000,000.00.**

RESPONSE:  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 10.

**11. Convoy was a freight broker engaged in the business of facilitating the shipment of loads of merchandise through the use of various companies engaged in the business of providing trucking and shipping services.**

RESPONSE:  Home Depot admits that it contracted with Convoy for freight broker services. Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the

remaining allegations in this Paragraph and on this basis, Home Depot denies the remaining allegations of Paragraph 11.

**12. To secure payment of Convoy's obligations under the LSA, Plaintiff was granted a perfected, senior secured interest in, among other things, all of Convoy's cash, deposit accounts, receivables and the proceeds thereof, including the amounts owed by Defendant to Convoy, which are the subject of this Complaint (the "THD Payable").**

RESPONSE:   Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 12.

**13. Defendant entered into a contract (the "Contract") with Convoy, pursuant to which Convoy utilized its brokerage services to arrange for the shipment of Defendant's merchandise**.

RESPONSE:   Home Depot admits that it entered into a Transportation Sourcing and Acquisition Contract (the "Contract") with Convoy, Inc., and respectfully refers the Court to that Contract for a complete and accurate statement of its terms.

**14. Pursuant to the Contact, Defendant was obligated to pay Convoy in exchange for its services in accordance with the terms therein.**

RESPONSE:   Home Depot admits the allegation that the Contract includes payment terms for Convoy's services. Home Depot denies any further characterization of the Contract and respectfully refers the Court to the Contract for a complete and accurate statement of its terms.

**15. Based on Convoy's defaults under the LSA, on November 3, 2023, Plaintiff acquired, without limitation, the THD Payable and the proceeds thereof at a public auction sale pursuant Article 9 of Delaware's Uniform Commercial Code ("UCC").**

RESPONSE: Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 15.

**16. As such, Plaintiff is the owner of the THD Payable and has standing to sue to recover the same from Defendant.**

RESPONSE:  The allegations in this Paragraph call for a legal conclusion and no response is required. To the extent a response is required, Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 16.

**17. Despite Defendant's obligation to pay Plaintiff for the services performed by Convoy, Defendant has failed and refused to do so.**

RESPONSE:  Denied.

**18. Plaintiff has demanded that Defendant pay it the sum of $910,432.62 for services performed by Convoy which remained past due and outstanding and demanded payment for the same.**

RESPONSE: Home Depot admits that Plaintiff has demanded a sum of $910,432.62 for services performed by Convoy. Home Depot denies that any such amount is due and further denies any remaining allegations of Paragraph 18.

**19. Defendant, however, failed and refused to pay Plaintiff the amounts owed to it through its acquisition of the THD Payable herein**.

RESPONSE:  Home Depot admits that it has not paid Convoy the amounts Plaintiff has demanded, and denies any remaining allegations of Paragraph 19.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**(Breach of Contract)**</u>

**20. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth.**

RESPONSE:  Home Depot incorporates by reference all responses to Paragraphs 1 through 19 of this Amended Complaint.

**21. The Contract is a valid and binding agreement whereby Defendant agreed to pay for freight brokerage services that were performed by Convoy.**

RESPONSE: Home Depot admits the allegation that the Contract is a valid and binding agreement between Home Depot and Convoy. Home Depot denies any characterization of the Contract and respectfully refers the Court to the Contract for a complete and accurate statement of its terms and denies any remaining allegations of Paragraph 21.

**22. Convoy performed all of its obligations under the Contract by, among other things, utilizing its brokerage services to arrange for the shipment of Defendant's merchandise.**

RESPONSE: Denied.

**23. Plaintiff duly acquired Convoy's accounts receivable via Article 9 sale of Delaware's UCC in accordance with the terms of the LSA and is entitled to collect payment for amounts that Defendant owes Convoy.**

RESPONSE: Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 23.

**24. Defendant materially breached Contract by failing and refusing to pay first Convoy and then Plaintiff for all sums due and owing thereunder upon notice and demand of the same.**

RESPONSE: Denied.

**25. By reason of the foregoing, Plaintiff has been damaged in an amount not less than $910,432.62 plus applicable interest, attorneys' fees, and costs and disbursements of this action.**

RESPONSE: Denied.

<u>**SECOND CAUSE OF ACTION**</u>
**(Account Stated)**

**26. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.**

RESPONSE: Home Depot incorporates by reference all responses to Paragraphs 1 through 25 of this Amended Complaint.

**27. Plaintiff duly acquired Convoy's accounts receivable via Article 9 sale of Delaware's UCC in accordance with the terms of the LSA and is entitled to collect payment for amounts that Defendant owes Convoy.**

RESPONSE:  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 27.

**28. Plaintiff delivered a statement of account to Defendant**.

RESPONSE: The allegations in this Paragraph call for a legal conclusion and no response is required. To the extent any response is required, Defendant denies the allegations of this Paragraph.

**29. Defendant has retained Plaintiffs statement of account without objection.**

RESPONSE:  Denied.

**30. Defendant has never disputed the statement of account by Plaintiff.**

RESPONSE:  Denied.

**31. Therefore, an account stated exists between Plaintiff and Defendant and Defendant owes Plaintiff $910,432.62 resulting from the account stated between the parties.**

RESPONSE:  Denied.

**32. By reason of the foregoing, Plaintiff has been damaged in an amount not less than $910,432.62, plus applicable interest, attorneys' fees, and costs and disbursements of this action.**

RESPONSE:  Denied.

## THIRD CAUSE OF ACTION
### (Quantum Meruit)

**33. Alternatively, Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein**.

RESPONSE:  Home Depot incorporates by reference all responses to Paragraphs 1 through 32 of this Amended Complaint.

**34. By providing brokerage services to arrange for the shipment of Defendant's merchandise as requested by Defendant, Convoy provided valuable services to Defendant.**

RESPONSE:   Admitted.

**35. Defendant accepted and substantially benefited from the services that Convoy performed.**

RESPONSE:   Admitted.

**36. Convoy expected to be paid by Defendant for providing the brokerage services that Defendant requested, and Defendant knew and/or should have known that payment was reasonably expected for the brokerage services performed by Convoy**.

RESPONSE:   Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding Convoy's expectations, and on that basis, denies those allegations.

**37. Plaintiff duly acquired Convoy's accounts receivable via Article 9 sale of Delaware's UCC in accordance with the terms of the LSA and is entitled to collect payment for amounts that Defendant owes Convoy.**

RESPONSE:   Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 37.

**38. Defendant is, therefore, obligated to pay Plaintiff all sums due and owing under the Contract for the brokerage services performed by Convoy.**

RESPONSE:   Denied.

**39. By reason of the foregoing, Plaintiff has been damaged in an amount not less than $910,432.62, plus applicable interest, attorneys' fees, and costs and disbursements of this action.**

RESPONSE:   Denied.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

**40. Alternatively, Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.**

RESPONSE: Home Depot incorporates by reference all responses to Paragraphs 1 through 39 of this Amended Complaint.

**41. By providing brokerage services to arrange for the shipment of Defendant's merchandise as requested by Defendant, Convoy provided valuable services to Defendant.**

RESPONSE:  Admitted.

**42. Defendant knew that the brokerage services had reasonable value.**

RESPONSE:  Home Depot admits that Convoy's brokerage services had some value. Home Depot denies any remaining allegations of Paragraph 42.

**43. Defendant knew that Convoy expected to be paid the reasonable value for Convoy's brokerage services.**

RESPONSE: Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegation in this Paragraph and on this basis, Home Depot denies the allegation of Paragraph 43.

**44. Plaintiff duly acquired Convoy's accounts receivable via Article 9 sale of Delaware's UCC in accordance with the terms of the LSA and is entitled to collect payment for amounts that Defendant owes Convoy.**

RESPONSE:  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and on this basis, Home Depot denies the allegations of Paragraph 44.

**45. Despite Plaintiffs demands for payment from Defendant, Defendant has failed and refused to pay Plaintiff for all sums due and owing to it.**

RESPONSE:  Denied.

**46. By virtue of Defendant's failure to pay Plaintiff in full, Defendant has been unjustly enriched in an amount not less than $910,432.62, plus applicable interest.**

RESPONSE:  Denied.

**47. By reason of the foregoing, Plaintiff has been damaged in an amount not less than $910,432.62, plus applicable interest, attorneys' fees, and costs and disbursements of this action.**

RESPONSE:  Denied.

## RESIDUAL DENIAL

To the extent not specifically admitted above, Home Depot denies the allegations in the Complaint.

## DEFENSES

Home Depot asserts the following defenses but does not assume the burden of proof on any such defenses except as required by applicable law. Home Depot reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the Contract.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Convoy failed to satisfy its own contractual obligations, including without limitation its obligations under Paragraphs 8.1 and 8.9 of the Contract.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages.

## SIXTH DEFENSE

Plaintiff's equitable claims are barred, in whole or in part, by unclean hands.

## SEVENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, under the doctrines of recoupment and/or set-off. Any recovery for Plaintiff must be reduced by any amounts for which Convoy is liable to Home Depot pursuant to the Contract.

## DEFENDANT HOME DEPOT U.S.A., INC.'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Home Depot U.S.A., Inc. ("Home Depot") asserts the following counterclaims against Plaintiff Hercules Capital, Inc. d/b/a Hercules Capital (Maryland) and shows the Court as follows:

## THE PARTIES

1.      Defendant-Counterclaim Plaintiff Home Depot is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2455 Paces Ferry Rd., Atlanta, Georgia 30339.

2.      Upon information and belief, Plaintiff-Counterclaim Defendant Hercules Capital, Inc. is a foreign business corporation organized and existing under the laws of the State of Maryland and authorized to do business in the State of New York, having a principal place of business located at 400 Hamilton Avenue, Suite 310, Palo Alto, California 94301.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332(a)(1) because it is between citizens of different states and the amount at issue exceeds $75,000.

4.     This Court has personal jurisdiction and venue over Home Depot's counterclaims because Convoy, Inc. and Home Depot consented to jurisdiction and venue in this Court under the Transportation Sourcing and Acquisition Contract (the "Contract"). Hercules asserts its claims against Home Depot as Convoy's assignee to the Contract, and "the rights of an assignee are subject to…all terms of the agreement between the account debtor and assignor[.]" UCC § 9-404(a); O.C.G.A. § 11-9-404(a).Therefore, Hercules' rights as an assignee are subject to all the Contract's terms, including the Contract's forum selection clause, which require any action to be brought in either the U.S. District Court for the Northern District of Georgia or the Superior Court of Cobb County.

5.     In addition, Hercules has voluntarily availed itself of this Court by consenting to the transfer of its claims against Home Depot to this forum, and because the following counterclaims are either compulsory or permissive. ECF. No. 14.

## NATURE OF THE ACTION

6.     Before October 2023, Home Depot purchased freight brokerage services from Convoy under the Contract by and between Home Depot and Convoy.

7.     Convoy stopped all business operations in October 2023.

8.     When Convoy collapsed, Home Depot did not receive the freight services it had brokered through Convoy. At that time, Home Depot was forced to find replacement freight services at much higher prices than it had contracted for through Convoy.

9.      As a result of Convoy's collapse, Home Depot incurred more than a million dollars in excess freight charges.

10.      In addition, Home Depot has faced claims from carriers who contracted with Convoy to provide shipping services, alleging that Convoy failed to pay them for providing freight services that they provided to Home Depot before Convoy's collapse.

11.      To add insult to these injuries, Hercules has now filed suit against Home Depot seeking to collect amounts allegedly due to Convoy.

12.      Hercules alleges that Home Depot has failed to pay for Convoy brokered services provided pursuant to the contract before Convoy's collapse in October 2023.

13.      Home Depot denies any such liability and brings these counterclaims to recoup or set off its losses from Convoy.

**Background Allegations**

14.      Under the UCC, the rights of an assignee are "subject to…[a]ll terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract[.]" UCC § 9-404; O.C.G.A. § 9-404.

15.      Hercules' rights to recover on Home Depot's accounts with Convoy are subject to all the terms of the Transportation Sourcing and Acquisition Contract (the "Contract") between Home Depot and Convoy.

16.      The Contract is a valid and binding agreement between Home Depot and Convoy.

17.      The Contract is governed by Georgia law.

## COUNT I
### (Recoupment - Indemnification Damages)

18.    Section 7.4 of the Contract requires Convoy to "indemnify, hold harmless and defend Home Depot from all claims, suits, settlements, damages, costs and liabilities arising out of or relating to [Convoy's] failure to compensate the Carriers."

19.    In the wake of Convoy's failure, Home Depot has received demands from Carriers arising out of Convoy's failure to compensate the Carriers.

20.    Pursuant to the Contract, Home Depot tendered the defense and indemnity of claims from Carriers against it to Convoy.

21.    Convoy did nor respond to the demand for defense and indemnification of claims from Carriers, in dereliction of the Contract.

22.    Home Depot is entitled to defense and indemnity from Convoy against the Carriers' claims.

23.    Because Convoy "has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought," Home Depot is entitled to "a deduction from the amount of the plaintiff's damages." O.C.G.A § 13-7-2.

24.    In the alternative, Home Depot is entitled to set off the full amount of Convoy's indemnity obligations.

## COUNT II
### (Recoupment- Rate Differential Damages)

25.    On or about October 18, 2023, Convoy breached the Contract when it failed to provide freight brokerage services required under the Contract.

26.    As a result of this breach, Home Depot was forced to find replacement carriers to cover the routes for which Convoy had previously agreed to provide brokerage carrier services.

27.    Finding last-minute replacement carriers required Home Depot to pay significantly higher rates while it worked to find permanent replacement carriers.

28.    As a result, Home Depot was damaged.

29.    Because Convoy "has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought," Home Depot is entitled to "a deduction from the amount of the plaintiff's damages" in an amount of $1,439,578.11.

30.    In the alternative, Home Depot is entitled to set off the full amount of its additional cost to find replacement carriers.

WHEREFORE, Home Depot hereby requests that Hercules take nothing based on its Complaint and hereby demands:

a.    an award for recoupment or set off, to the extent Home Depot is found liable to Hercules for damages;

b.    any and all additional relief as the Court may determine in its discretion to be just and proper;

b.    a trial by jury on all issues so triable.

This 20th day of March, 2025.

/s/ Ronan. P. Doherty
_____
Ronan P. Doherty
Georgia Bar No. 224885
Juliana Mesa
Georgia Bar No. 585087
BONDURANT MIXSON & ELMORE,
LLP
One Atlantic Center
1201 West Peachtree Street, NW
Suite 3900
Atlanta, Georgia 30309
P: (404) 881-4100
doherty@bmelaw.com

mesa@bmelaw.com

***Attorneys for Defendant Home Depot
U.S.A., Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused to be served the foregoing **DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND COUNTERCLAIMS** by filing it with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all could of record.

This 20th day of March, 2025.

/s/ Ronan P. Doherty
Ronan P. Doherty
Georgia Bar No. 224885